IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSEPH CINOTTI, #70565-004                                                                PETITIONER

VERSUS                                                    CIVIL ACTION NO. 5:06cv184DCB-MTP

CONSTANCE REESE, Warden FCI-Yazoo City                                       RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner Joseph Cinotti, an inmate at the Federal Correctional Institute-Yazoo City, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. After reviewing the petition, the Court has come to the following conclusion.

Background

Petitioner was convicted of the crime of possession of firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g) in the United States District Court for the Southern District of Florida on August 25, 2004. Petitioner was sentenced to serve 60 months in the custody of the Bureau of Prisons.

Petitioner complains that the Bureau of Prisons is not calculating his sentence properly. According to 18 U.S.C. § 3621(e)(2)(B), the Bureau of Prisons may reduce sentences for inmates with convictions for "nonviolent" offenses up to one year when they successfully complete a treatment program. Petitioner states that he is "going through" the drug treatment program and therefore, he is entitled to the one-year sentence reduction. However, he claims that the respondent has arbitrarily and capriciously denied him a reduction in his sentence pursuant to 18 U.S.C. § 3621(e)(2)(B). The petitioner recognizes that the respondent has the discretion to decide. However, he argues that the denial by the respondent is really nothing more than a re-

categorization of his offense as a "crime of violence" denying him eligibility for early release pursuant to this section. The petitioner contends that his conviction pursuant to 18 U.S.C. § 922(g) is not a crime of violence.

Petitioner has completed the three step administrative remedy procedure. Attached to the petition is the response from the Administrator of the National Inmate Appeals which states that the petitioner is not "being denied early release eligibility because your offense is considered a violent crime nor because of a two-point sentence enhancement . . . Rather, you are being denied early release eligibility at the Director's discretion."

### Analysis

The petitioner's claim that he is entitled to a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B) because he was convicted of a nonviolent crime and is "going through" the drug treatment program is without merit. In Lopez v. Davis, 531 U.S. 230 (2001), the United States Supreme Court determined "that the Bureau of Prisons has discretion, under governing statute, to promulgate regulations which categorically deny early release to prisoners whose felonies involved use of a firearm . . . " The Supreme Court further stated that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." Id. at 241. Consequently, this court finds that the petitioner's claim for habeas relief is not cognizable in light of the Lopez decision.

A final judgment in accordance with this memorandum opinion and order shall be issued.

SO ORDERED, this the 15th day of February, 2007.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE